IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| J. CARTER BROWN, MARION OATES CHARLES, HARRY B. DEMOPOULOS, JAMES GILL, NANNERL O. KEOHANE, JOHN MACK, AND ANTHONY S. FAUCI AS TRUSTEES OF THE DORIS DUKE CHARITABLE FOUNDATION,<br><br>Plaintiffs,<br><br>vs.<br><br>IMELDA MARCOS,<br><br>Defendant. | Civ. No. 00-00177 HG-RLP |

**ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND JUDGMENT FILED ON APRIL 17, 2001 (DOC. 23)**

Plaintiffs Harry B. Demopoulos, James Gill, Nannerl O. Keohane, and Anthony S. Fauci (hereinafter "Plaintiffs"), in their capacities as Trustees of the Doris Duke Charitable Foundation, request an extension of a Default Judgment entered in their favor on April 17, 2001. (Plaintiffs' Motion to Extend Judgment Filed on April 17, 2001 (Doc. 23).)

On April 17, 2001, the Court entered a Default Judgment in favor of Plaintiffs J. Carter Brown, Marion Oates Charles, Harry B. Demopoulos, James Gill, Nannerl O. Keohane, John Mack, and Anthony S. Fauci as Trustees of the Doris Duke Charitable Foundation and against Defendant Imelda Marcos. (Doc. 21.) The judgment awarded was $5,000,000.00 in damages, plus interest in

1

the amount of $4,745,342.52 (for interest incurred from May 6, 1990 to November 20, 2000) and $6,982.13 for attorneys' fees and costs, for a total award of $9,752,324.65, plus post-judgment interest as set forth under 28 U.S.C. § 1961. (Id.)

On March 2, 2011, Plaintiffs, in their capacities as Trustees of the Doris Duke Charitable Foundation, filed a Motion to Extend Judgment Filed on April 17, 2001. (Doc. 23.) In their Motion, Plaintiffs additionally request that the extension of the Default Judgment be made in favor of the current Trustees of the Doris Duke Charitable Foundation. (Id. at 2.)

## I. EXTENSION OF THE DEFAULT JUDGMENT FOR AN ADDITIONAL TEN YEARS

Federal Rule of Civil Procedure 69(a)(1) provides that "[t]he procedure on execution-and in proceedings supplementary to and in aid of judgment or execution-must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). If there is no applicable federal statute or rule, the district court is directed to look to state law. See Office Depot Inc. v. Zuccarini, 596 F.3d 696, 700-701 (9th Cir. 2010). The United States Supreme Court has interpreted Federal Rule of Civil Procedure 69(a) to permit judgment creditors to use any execution method consistent with the practice and procedure of the State in which the district court sits. Peacock v. Thomas, 516 U.S. 349, 359 n.7 (1996).

There is no federal statute or rule that controls extending the Default Judgment Filed on April 17, 2001. Section 657-5 of the Hawaii Revised Statutes provides for the extension of a domestic judgment for an additional ten years if the extension is sought within ten years of the date the original judgment or decree was rendered. Haw. Rev. Stat. § 657-5. The language of Section 657-5 clearly mandates that all judgments and decrees of any court of the State shall be deemed extinguished after ten years unless timely renewed. Int'l Sav. and Loan Ass'n, Ltd. v. Wiig, 82 Hawaii 197, 199, 921 P.2d 117, 119 (Haw. 1996).

The burden is on the judgment creditor to seek judicial extension of the judgment prior to the expiration of the ten year statutory period, or the judgment is presumed to be "paid and discharged" as a matter of law. Id. The statutory period expires after ten years of the date the original judgment or decree was rendered. See H.R.S. § 657-5; Int'l Sav. and Loan Ass'n, Ltd., 82 Hawaii at 199, 921 P.2d at 119.

Here, the Default Judgment in favor of Plaintiffs and against Defendant Imelda Marcos, in the amount of $9,752,324.65, was rendered on April 17, 2001. (Doc. 21.) The Default Judgment has not been appealed, reversed, modified, set aside or otherwise satisfied. (Doc. 23 at 2, Affidavit of Edward P. Henry at 2.) No part of the Default Judgment has been paid and the judgment has not been satisfied. (Doc. 23 at 2, Affidavit of Edward P.

3

Henry at 3.)  Plaintiffs filed their Motion to Extend Judgment on March 2, 2011.  The filing of the Motion to Extend Judgment falls within the ten year statutory period from the date the Default Judgment was rendered.

Plaintiffs' Motion to Extend Judgment Filed on April 17, 2001 for an additional ten years, until April 17, 2021, is **GRANTED**.

**II. THE EXTENSION APPLIES TO THE CURRENT TRUSTEES OF THE DORIS DUKE CHARITABLE FOUNDATION**

Plaintiffs additionally request that the extension of the Default Judgment be made in favor of the current Trustees of the Doris Duke Charitable Foundation.  (Doc. 23 at 2.)  Since the Default Judgment was rendered on April 17, 2001, three of the originally named Plaintiffs are no longer Trustees for the Doris Duke Charitable Foundation.  (Id.)  Plaintiff J. Carter Brown passed away in June 2002, and Plaintiffs Marion Oates Charles and John Mack resigned in 2008.  (Id. at 2-3.)  The Surrogate's Court of the County of New York granted Orders of Revocation of Charles's and Mack's Letters of Trusteeship in or around February 6, 2008 and July 24, 2008, respectively.  (Id.)

New Trustees have been named since April 17, 2001.  (Id. at 3.)  The Surrogate's Court of the County of New York issued Letters of Trusteeship to: (1) Anne Hawley on May 5, 2003; (2) John E. Zuccotti on June 14, 2006; (3) William H. Schlesinger on

October 19, 2007; (4) Peter Nadosy on February 6, 2008; (5) Jide Zeitlin on November 24, 2008; and (6) Kathy Halbreich on April 7, 2009. (Id.) To avoid confusion, the Court is not making a change to the caption of the case.

Plaintiff Trustees' of the Doris Duke Charitable Foundation Motion to Extend Judgment Filed on April 17, 2001 for an additional ten years, until April 17, 2021 (Doc. 23), is **GRANTED**. The ten year extension of the Default Judgment as to Harry B. Demopoulos, James Gill, Nannerl O. Keohane, and Anthony S. Fauci, Anne Hawley, John E. Zuccotti, William H. Schlesinger, Peter Nadosy, Jide Zeitlin, and Kathy Halbreich as Trustees of the Dorsi Duke Charitable Foundation is **GRANTED** against Defendant Imelda Marcos.

IT IS SO ORDERED.

DATED: April 6, 2011, Honolulu, Hawaii.



/S/ Helen Gillmor
Helen Gillmor
United States District Judge

Brown, et al. v. Marcos; Civil No. 00-00177 HG-RLP; **ORDER GRANTING PLAINTIFFS' MOTION TO EXTEND JUDGMENT FILED ON APRIL 17, 2001 (DOC. 23).**